```
                  IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF KANSAS
```

**WAHID A. ASH-SHAHID**
**aka JAMES NANCE,**

                          **Plaintiff,**

          v.                                 CASE NO. 12-3257-SAC

**RAY ROBERTS, et al.,**

                          **Defendants.**

### O R D E R

Plaintiff proceeds pro se on a civil complaint seeking relief under 42 U.S.C. § 1983. On January 4, 2013, the court found plaintiff's litigation history in the District of Kansas included three actions that had been dismissed as frivolous or as failing to state a claim upon which relief may be granted. Pursuant to the "3-strike" provision in 28 U.S.C. § 1915(g), and finding no showing that plaintiff was subject to an imminent danger of serious physical injury, the court denied plaintiff's motion for leave to proceed in forma pauperis in this matter, the court directed plaintiff to pay the $350.00 district court filing fee to avoid dismissal of the complaint without prejudice. The court also advised plaintiff that to challenge the execution of his state sentence, plaintiff must proceed in habeas corpus under 28 U.S.C. § 2241 after first exhausting state court remedies.

In response, plaintiff first insists that he is seeking damages under § 1983 in the instant action, and objects to any judicial re-characterization of his action as proceeding in habeas corpus.

The court finds plaintiff's objection is unwarranted, as the court never indicated it intended to re-characterize the nature of plaintiff's § 1983 complaint.

Also in response, plaintiff challenges the court's finding that two of plaintiff's prior actions should be counted as "strikes" for purpose of § 1915(g). The court finds no merit to either challenge.

Plaintiff first contends the dismissal of a previous complaint as time barred is not a strike, but the Tenth Circuit has held to the contrary. *See Smith v. Veterans Administration*, 636 F.3d 1306, 1313 (10th Cir.2011)(claims dismissed as time barred constitute a dismissal for failing to state a claim, and count as a strike under § 1915(g)). Secondly, plaintiff contends the dismissal of another previous complaint as failing to state a claim for relief is not a strike because "[a] case dismissed for any other reason than frivolousness, maliciousness, or failure to state a claim is not a strike."[1] At best plaintiff misreads or misunderstands § 1915(g), as it clearly defeats plaintiff's challenge to the court's assessment of a second strike.

Finding no reason to modify its decision to deny plaintiff leave to proceed in forma pauperis pursuant to the 3-strike bar in § 1915(g), and noting plaintiff's failure to pay the district court filing fee required by § 1914(a), the court concludes the complaint should be dismissed without prejudice.

---

[1] Plaintiff's Motion for Objection, Doc. 5, p.3 (citing *Tafari v. Hues*, 473 F.3d 440, 443 (2nd Cir.2007)).

IT IS THEREFORE ORDERED that the complaint is dismissed without prejudice, based upon plaintiff's failure to satisfy the district court filing fee requirement.

**IT IS SO ORDERED.**

DATED:  This 7th day of February 2013 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge